Robert P. Lewis, Esq. County Attorney, Cayuga
You have asked whether hand drawn plot plans or rough surveys attached to deeds properly may be recorded in the county clerk's office or whether such plans or surveys must be made by a licensed surveyor. You suggest that sections 333-b and 381 of the Real Property Law may be inconsistent on this question.
Section 333-b of the Real Property Law is found in Article 9, which deals with recording instruments. A map or plot plan showing property boundaries and data, not relating to subdivisions, may be recorded in the same manner as a deed if the map or plot plan is attached to the conveying instrument (id., § 333-b[1]). The map or plot plan must clearly delineate and locate by dimensions the parcel or interest conveyed so that it can be located (ibid.). The map or plan may appear on one or more pages, must be drawn on legal size paper and have lettering no smaller than elite type (ibid.). The lines are to be legible and of sufficient size for easy reading after photocopying or microfilming(ibid.). The recording officer may reject or refuse to record any map or plot plan that is unclear, clouded and not suitable for photocopying(ibid.). Compare section 334 of the Real Property Law which requires, prior to the offering of subdivision lots for sale, the filing of a map together with a certificate of the licensed land surveyor showing the date of the completion of the survey and the making of the map. Thus, it seems clear that for purposes of recording under section333-b of the Real Property Law, the map or plot plan need not be prepared by a licensed surveyor. The purpose of a recording instrument is to give notice to all that something has affected title to real property (Bd. of Education v Miles, 15 N.Y.2d 364, 368 [1965]). Thus, the requirements of section 333-b appear to be designed to identify real property that is the subject of a conveyance and to notify third parties of the conveyance.
By contrast, section 381 of the Real Property Law is found in Article 12, dealing with registering title. Registration is a statutory procedure to perfect the marketability of title (see Bd. of Education vMiles, supra, p 369; Real Property Law, Article 12). To register title, a land owner must file a petition for registration with the Supreme Court (id., § 371). The orders of the court have the effect of final judgments in an action, operate to vest and establish title, and are forever binding and conclusive (id., §§ 371, 391). It logically follows and the statute requires that the survey or map filed with the court must be made by a competent surveyor and clearly show the exact boundaries of land (id., § 381). Unlike the survey required under section 333-b, which is designed to provide notice of a conveyance, the requirements of section 381 are designed to definitively establish title.
We conclude that a county clerk may record a map or plot plan attached to a deed even though it is not certified by a licensed surveyor.